UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
SAM RUINSKY, et al.,

                Plaintiffs,

           v.

HARRAH'S ENTERTAINMENT, INC., et al.,

                Defendants.
-------------------------------------------------------------x

**DECISION AND ORDER**

CV 03-4781 (RJD)(VVP)

POHORELSKY, Magistrate Judge:

      The plaintiffs seek an order compelling the defendants to produce certain items of discovery to which the defendants have raised objections. The plaintiffs point out that the defendants' responses were served more than a month after the deadline provided by the Federal Rules of Civil Procedure, an assertion the defendants do not contest, and properly argue that the defendants' failure to respond timely to the plaintiffs' requests for discovery constitutes a waiver of objections to the requests. *See, e.g., Cliffstar Corp. v. Sunsweet Growers, Inc.*, 218 F.R.D. 65, 69 (W.D.N.Y. 2003); *Smith v. Conway Organization, Inc.,* 154 F.R.D. 73 (S.D.N.Y. 1994); *Bowne of New York City, Inc. v. AmBase Corp.,* 150 F.R.D. 465, 489 (S.D.N.Y. 1993); *Scott v. Arex, Inc.,* 124 F.R.D. 39, 41 (D. Conn. 1989). Nevertheless, in the interests of justice, because the defendants have made a substantial showing concerning the burdensomeness of providing responses to some of the plaintiffs' requests, particularly when weighed against the potential usefulness of the information sought, the time period for which certain information

must be provided is limited in the following rulings. Accordingly, on or before June 27, 2005 the defendants shall produce the following documents and information:

1. The caption and index numbers of any prior lawsuits filed against any of the named defendants involving injuries sustained by individuals attempting to traverse through an automatic powered revolving door on the premises for the five-year period preceding the incident in dispute;

2. Logbook entries concerning the specific automatic revolving door in issue, including those reflecting incidents as well as those reflecting maintenance and repair for the two-year period immediately preceding the incident in dispute;

3. The service agreement in effect at the time of the incident in dispute between the defendants and any third-party provider of services concerning the specific automatic revolving door in issue.

**SO ORDERED:**

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Matistrate Judge

Dated: Brooklyn, New York
June 6, 2005