UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SAM RUINSKY, et al.,

       Plaintiffs,      **DECISION AND ORDER**

  v.              CV 03-4781 (RJD)(VVP)

HARRAH'S ENTERTAINMENT, INC., et al.,

       Defendants.
------------------------------------------------------------x
POHORELSKY, Magistrate Judge:

  By letter dated February 17, 2006, the plaintiffs seek sanctions against the defendant Harrah's because of Harrah's failure to produce two employees, Tom O'Connor and Pete Mazziotti, for depositions. Specifically, the plaintiffs seek an order (i) precluding the defendant from calling those employees as witnesses at any trial of this action, and (ii) authorizing the giving of a missing witness charge to the jury. By letter dated February 27, 2006, the defendant opposes the motion, arguing that they cannot make Mr. O'Connor available prior to March because he is on medical disability leave following knee surgery, and that they cannot produce Mr. Mazziotti because he is no longer their employee.

  As an initial matter, the plaintiffs' application is based on the erroneous supposition that the defendant is required to produce those two employees for depositions based on the plaintiffs' notice of deposition. "A corporate employee or agent who does not qualify as an officer, director, or managing agent is not subject to deposition by notice." *JSC Foreign Economic Ass'n Technostroyexport v. International Development and Trade Services, Inc.*, 220 F.R.D. 235, 237 (S.D.N.Y. 2004) (citing *Dubai Islamic Bank v. Citibank, N.A.*, No. 99 Civ. 1930, 2002 WL 1159699, *2 (S.D.N.Y. May 31, 2002); *United States v. Afram Lines (USA), Ltd.*, 159 F.R.D. 408, 413 (S.D.N.Y. 1994); *Sugarhill Records Ltd. v. Motown Record Corp.*, 105 F.R.D. 166, 169 (S.D.N.Y. 1985). Rather, the attendance of non-party employees of a corporation at a deposition must be procured by subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure. *United States v. Afram Lines (USA), Ltd.*, 159 F.R.D. at 413. Moreover, absent special

circumstances, sanctions cannot be imposed against the corporation if an employee fails to appear.  *See generally* 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2103, at 37 (2nd ed. 1994).  As there is no indication that either Mr. O'Connor or Mr. Mazziotti qualifies as an officer, director or managing agent, and no indication that either was ever served with a subpoena, their failure to appear for depositions provides no basis for sanctions against either them or the defendant.

The defendant may, of course, offer to produce an employee for a deposition without a subpoena, and the defendant has implicitly done so with respect to Mr. O'Connor.  His medical condition provides the defendant with a sufficient explanation for being unable to do so before now, however.  Thus, if the plaintiffs still wish to conduct his deposition, they may do so provided the deposition is completed within 45 days.  As to Mr. Mazziotti, the defendant is directed to provide the plaintiffs' counsel with his last known home and business addresses within five business days to permit the plaintiffs to serve a subpoena upon him if they wish to take his deposition.  Any such deposition shall likewise be completed within 45 days.  The authorizations to take the depositions of Messrs. O'Connor and Mazziotti, however, do not operate as an extension of discovery or other deadlines in the scheduling order.

For the foregoing reasons the plaintiffs' motion for sanctions against Harrah's is denied.

**SO ORDERED:**
*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Matistrate Judge

Dated:    Brooklyn, New York
          March 15, 2006